GIERKE, Judge
(concurring in part and dissenting in part):
I agree with the lead opinion’s disposition of Issue III. With respect to Issues I and *302 II, I agree with the lead opinion’s conclusion that appellant’s apprehension was unlawful, because a DD Form 553 is not the equivalent of a civilian arrest warrant. However, I disagree with the lead opinion’s resolution of Issues I and II. Finally, I agree with Judge Effron’s conclusion that all three prongs of the attenuation analysis set out in Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), would weigh in appellant’s favor if it were applicable to this case.
The lead opinion’s attenuation analysis rests on the premise that the Government met its burden of proving that appellant’s consent was voluntary. 57 MJ at 291, 293. I disagree with that premise. Thus, in my view, the Brown attenuation analysis is not applicable to this case.
The predicate question is whether appellant voluntarily consented to the search. The lead opinion recognizes that “if appellant’s consent, albeit voluntary, is determined to have been obtained through exploitation of the illegal entry, it can not be said to be sufficiently attenuated from the taint of that entry.” 57 MJ at 291. However, if appellant’s consent was not truly voluntary, the search was illegal, and we do not reach the issue of attenuation.
In my view, the military judge’s finding that appellant voluntarily consented was clearly erroneous. See United States v. Radvansky, 45 MJ 226, 229 (1996). A major factor undermining the military judge’s finding is the short time between the unlawful apprehension and appellant’s execution of the consent form. Appellant was caught by surprise when Special Agent Edward M. Coyle burst into Hospital Corpsman Second Class (HM2) Tom Guest’s home, followed by three other Naval Criminal Investigative Service (NCIS) agents. While surrounded by four NCIS agents, appellant signed the preprinted consent form within 15-20 minutes of his apprehension. Although the record reflects that appellant was orally advised of his Article 31, Uniform Code of Military Justice, 10 USC § 831, rights, there is no evidence that he was orally advised of his right to refuse to consent to the search. The only evidence that appellant was aware of his right to refuse to consent is the small print on the consent form. In contrast to the Article 31 rights advisement form, where appellant indicated his understanding of his rights by placing his initials beside the listing of each right, appellant did not similarly initial the statement on the consent form acknowledging his awareness of his right to refuse to consent to the search.
The Government had the burden of proving by clear and convincing evidence that appellant voluntarily consented. Mil. R. Evid. 314(e), Manual for Courts-Martial, United States (2000 ed.). Because I believe that the Government failed to meet its burden of proving voluntary consent, I do not reach the attenuation issue.
Finally, I believe that the illegal apprehension and searches made appellant’s subsequent confession inadmissible. Although appellant was warned of his Article 31 rights, he was not given a cleansing warning. Once the incriminating evidence was seized during the searches of the knapsack and the duffel bag, the Government had a heavy burden to show that appellant’s subsequent waiver not only met the standard of voluntariness under the Fifth Amendment, U.S. Const, amend. V, and Article 31, UCMJ, but that it was “sufficiently an act of free will to purge the primary taint” of the previous unlawful apprehension and search. Brown, 422 U.S. at 602, 95 S.Ct. 2254, (quoting Wong Sun v. United States, 371 U.S. 471, 486, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). In my view, the Government failed to carry its burden, and the military judge erred by admitting the confession into evidence.
I would set aside the affected findings and sentence and authorize a rehearing.